Filed 10/9/14  P. v. Walton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOW EDWIN WALTON,<br><br>    Defendant and Appellant. | A141584<br><br>(Lake County<br>Super. Ct. Nos. CR932596 &<br>CR933692-A) |

**INTRODUCTION**

In this case, appellate counsel made an independent review of the proceedings below and concluded the record reflects no meritorious claims for appeal.  He has advised defendant of his conclusion and advised defendant he may file a supplemental brief raising issues he believes merit appellate review.  Defendant has not filed any such pleadings.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 118-119, counsel asks this court to conduct an independent review of the record.  We have done so and find no issues meriting further appellate consideration.

**PROCEDURAL BACKGROUND**

On December 20, 2013 in Lake County, defendant Dow Edwin Walton entered a no contest plea to one felony count of driving under the influence (DUI) causing great bodily injury (Veh. Code, § 23153, subd. (a)) and admitted he personally inflicted great bodily injury (GBI) upon Andy Hopper (Pen. Code, § 12022.7, subd. (a)).  Before entering his plea, the court admonished defendant of his maximum exposure of six years in prison.  Defendant acknowledged his rights and waived them pursuant to *Boykin v.*

1

*Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. His counsel stipulated there was a factual basis for the plea.

On January 10, 2014, the Lake County District Attorney filed a separate information charging defendant with felony counts of attempted robbery (Pen. Code, §§ 664, 211), grand theft from the person (Pen. Code, § 487, subd. (a)), vandalism (Pen. Code, § 594, subd. (a)), and making a criminal threat (Pen. Code, § 422). Among the enhancements in this information was the allegation defendant was ineligible for probation because he had prior felony convictions. (Pen. Code, § 1203, subd. (e)(4).)

On March 4, 2014, upon motion by the district attorney, the information was amended to add one felony count of being an accessory to the attempted robbery (Pen. Code, § 32). Defendant then entered a no contest plea to the accessory charge as a felony with the understanding any sentence he received in this prosecution would be concurrent with the sentence in the pending DUI case. Again, before entering his plea, defendant acknowledged his *Boykin* rights and waived them. His counsel stipulated there was a factual basis for the plea. The remaining counts were dismissed by the court upon motion by the prosecution.

On March 28, 2014, defendant filed a motion to continue sentencing based on his need for an operation, the amputation of his foot and lower leg. On April 7, 2014, the trial court denied the request for a continuance and proceeded to hold the sentencing hearing. The court made this ruling after meeting with the medical director of the county jail where defendant was housed. The court stated, "It does appear that the procedure that's going to take place can proceed either way before or after sentence."

At the sentencing, defense counsel first asked for probation pursuant to Penal Code section 1203, subdivision (e)(4). He argued in the alternative for the middle-term sentence on the felony DUI. The trial court denied the two requested options by defense counsel. The court selected the upper term of three years for the DUI-with-injury conviction citing the following aggravating factors: the DUI involved great bodily injury,

defendant engaged in violent conduct indicating he posed a danger to society, his prior convictions were numerous, defendant served four prior prison terms, and his performance on parole and probation had been unsatisfactory. The single factor in mitigation observed by the court was defendant had made an early admission of responsibility in the sentencing cases. The court ordered the aggravated term to be enhanced by the three-year admission of GBI by defendant.

The court ordered the accessory conviction to run concurrent with the DUI sentence.

## STATEMENT OF FACTS

Regarding the DUI offense, the parties stipulated the facts entailed the following: "On January 27 . . . the defendant was driving his automobile with two passengers – M[s]. Regina Walton and Mr. Andy Hopper. According to witnesses, the defendant was driving at a high speed and past cars over double yellow lines. The defendant lost control of the vehicle and went off the roadway. CHP responded and pulled the defendant and his passengers from the burning vehicle.

"The defendant admitted he had recently smoked marijuana and methamphetamine. A blood sample obtained confirmed that he had methamphetamine and marijuana in his blood. An officer observed him at the scene to display signs and symptoms of being under the influence of a controlled substance. One of . . . the defendant's passengers, Mr. Hopper, had suffered a skull fracture, multiple broken ribs, lacerations and burns. . . . [¶] . . . Ms. Walton also suffered third-degree burns to her abdomen, chest, and thigh."

On the accessory charge, the parties stipulated defendant gave misinformation to police investigating the location of the robbery suspect, and that defendant knew at the time the information was false.

## DISCUSSION

We have reviewed the record here.  Defendant was correctly advised of his rights before entering the no contest plea in each case.  The facts support the pleas before us.  At all times defendant was ably represented by counsel.  There is no certificate of probable cause in either case.

## DISPOSITION

We affirm the judgment.

_____

Dondero, J.

We concur:

_____

Humes, P.J.

_____

Banke, J.